# IN THE COURT OF APPEALS OF IOWA

No. 14-0187
Filed July 22, 2015

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**JOSE LUIS AVALOS-COVARRUBIAS,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Johnson County, Douglas S. Russell, Judge.

        Jose Avalos-Covarrubias appeals from his conviction for domestic abuse assault following a guilty plea.  **AFFIRMED.**

        Mark C. Meyer, Cedar Rapids, for appellant.

        Thomas J. Miller, Attorney General, Tyler J. Buller, Assistant Attorney General, Janet Lyness, County Attorney, and Kristin L. Parks, Assistant County Attorney, for appellee.

        Considered by Vogel, P.J., and Potterfield and Mullins, JJ.

**POTTERFIELD, J.**

Jose Avalos-Covarrubias appeals from his conviction for domestic abuse assault following a guilty plea. Avalos pled guilty to the domestic abuse assault charge, and the State, pursuant to a plea agreement, dismissed two other charges. In its colloquy, the district court informed Avalos, "As a Class 'D' felony, [the charged offense] is punishable by imprisonment of up to five years." Avalos pled guilty. The court informed Avalos that any challenge to the plea needed to be raised in a motion in arrest of judgment.

At sentencing, Avalos expressed for the first time to and through his attorney that he wished to withdraw his plea. No motion in arrest of judgment had been filed. The district court continued sentencing and appointed new counsel. Avalos's new counsel filed a motion in arrest of judgment, claiming Avalos's original counsel "informed Defendant he would not be sentenced to prison and would receive probation." Thus, Avalos claimed, his plea was not knowing and voluntary. Avalos's new counsel had filed the motion in arrest of judgment prior to reviewing the transcripts of the plea colloquy. After he did so, he filed a motion to dismiss (i.e. withdraw) the previous motion in arrest of judgment because it was meritless. The district court acknowledged counsel's request to dismiss the motion in arrest of judgment in open court and on the record at the sentencing hearing. Avalos did not comment at that time or during his allocution about the motion in arrest of judgment or its withdrawal.

Avalos now claims on direct appeal his second counsel rendered ineffective assistance because counsel failed to object to the district court's failure to confirm with Avalos his wish to dismiss the motion in arrest of

judgment.[1] We review ineffective-assistance claims de novo. *State v. Clay*, 824 N.W.2d 488, 494 (Iowa 2012). The record is adequate to resolve this issue on direct appeal. *See id.* Avalos must show (1) his second counsel failed to perform an essential duty and (2) the failure resulted in prejudice. *See id.* at 495. If he cannot prove either prong, his claim fails. *See id.* Counsel has no duty to raise an issue that has no merit. *State v. Fountain*, 786 N.W. 260, 263 (Iowa 2010).

Avalos cites no authority for his proposition that the district court was required to confirm with him personally—not through his attorney—that he wished to dismiss his motion in arrest of judgment. He argues we should hold the district court to such a requirement by analogy to other unrelated requirements: Avalos's right to address the court at sentencing, the requirement that the court engage in a colloquy before accepting a guilty plea, and a defendant's right to be present at all important stages of trial proceedings against him. *See* Iowa Rs. Crim. P. 2.8(2)(b), 2.23(3)(d), 2.27(1). However, Avalos's citation to these procedural requirements does not persuade us there is an additional tacit procedural requirement such as the one he asserts in this case.

The district court was not required to ask Avalos directly his thoughts on the motion to dismiss the prior motion in arrest of judgment. His second counsel was therefore under no duty to raise an objection.

**AFFIRMED.**

---

[1] Avalos notably does not claim that his first counsel rendered ineffective assistance by misrepresenting his potential sentence, nor does he claim his second counsel rendered ineffective assistance in moving to dismiss the motion in arrest of judgment without his consent.